1

2 ADRIANOS FACCHETTI, Esq. (S.B.N. 243213)
LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

3 301 E. Colorado Blvd, Suite 520
Pasadena, California 91101

4 Telephone:     (626) 793-8607
Facsimile:      (626) 793-7293

5 Email:          adrianos@facchettilaw.com

6 Aaron Schur (S.B.N. 229566)

7 James Daire (S.B.N. 239637)
YELP INC.

8 140 New Montgomery Street
San Francisco, CA 94105

9 Telephone:(415) 908-3801
Facsimile: (415) 615-0809

10 Email: aschur@yelp.com

11 Email:jdaire@yelp.com

12 Attorney for Subpoenaed Party
YELP INC.

13

14                    UNITED STATES DISTRICT COURT

15                    NOTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17

18 DR. MUHAMMAD MIRZA and ALLIED
MEDICAL AND DIAGNOSTIC
19 SERVICES, LLC,

20             Subpoenaing Parties,

21 vs.

22 YELP INC.,

23

24             Subpoenaed Party.

25

26

27

28

| | |
|---|---|
| DR. MUHAMMAD MIRZA and ALLIED MEDICAL AND DIAGNOSTIC SERVICES, LLC, | CASE NO. 21-mc-8077-TSH |
| Subpoenaing Parties, | SUBPOENAED PARTY YELP INC.'S MOTION TO TRANSFER SUBPOENA-RELATED MOTION TO ISSUING COURT |
| vs. | Date: June 3, 2021 Time: 10:00 am Courtroom G, 15th Floor |
| YELP INC., | Hon. Thomas S. Hixson |
| Subpoenaed Party. | [Federal Rule of Civil Procedure 45(f)] |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on June 3, 2021 at 10:00 am in Courtroom G (15th Floor) of the San Francisco Division of the Northern District of California, located at the Phillip Burton Federal Building & United States Courthouse at 450 Golden Gate Avenue, San Francisco, CA 94102, Subpoenaed Party Yelp Inc. ("Yelp") will and does move this Court for an order transferring this matter to the Southern District of New York, where the underlying litigation is pending.

Yelp seeks a Court order transferring this matter under Federal Rule of Civil Procedure 45(f), on the grounds that Yelp consents to transfer, that circumstances warrant transfer, and that Dr. Muhammed Mirza and his associated plastic surgery limited liability company's (together, "Subpoenaing Parties") objection to transfer lacks merit. The motion is based upon this Notice and Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of James Daire and attached exhibits, and other written or oral argument the Court may hear before the Court takes the matter under submission.

DATED: April 22, 2021

LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

BY: _Adrian Facchetti_
Adrianos Facchetti
Attorney for YELP

Case No. 21-mc-8077-TSH                    -1-
YELP INC.'S MOTION TO TRANSFER

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

### I.  INTRODUCTION

3  Yelp maintains a popular website and related mobile applications that allow users, free of

4  charge, to read and write reviews of local businesses. Subpoenaing Parties brought a motion to

5  compel against Yelp—the initiating document in this action—arising from a review of Dr.

6  Mirza's medical practice.

7  Specifically, Subpoenaing Parties seek to compel information from Yelp that they hope

8  will identify the author of a review of Dr. Mirza's administration of Botox, and advance a

9  defamation lawsuit they launched eight months ago against a John Doe defendant in the U.S.

10  District Court for the Southern District of New York. Since then, the issuing court in the

11  Southern District of New York has taken an active hand in managing the underlying lawsuit,

12  issuing a limited order that allowed Subpoenaing Parties to issue an early subpoena and requiring

13  Subpoenaing Parties to file monthly "check-ins" with the issuing court.

14  Federal Rule of Civil Procedure 45(f) provides that this Court may transfer a subpoena-

15  related motion to the issuing court if the person subject to the subpoena—here, Yelp—consents.

16  Yelp so consents, which warrants transfer under the specific circumstances of this case. That

17  should be the end of the inquiry, since Rule 45(f) does not contemplate that an issuing party can

18  object to transfer to the issuing court when the subpoenaed party consents. But inexplicably,

19  Subpoenaing Parties refuse to stipulate to transfer their subpoena-related motion to the issuing

20  court in the Southern District of New York—that is, the court where Subpoena Parties chose to

21  file their lawsuit, best situated to interpret its own prior orders, and best positioned to apply the

22  New York state law that Subpoenaing Parties claim govern their claim against the John Doe

23  defendant. Yelp therefore brought this motion to transfer Subpoenaing Parties' motion to the

24  issuing court in the Southern District of New York.

25

### II.  FACTUAL BACKGROUND

26  Subpoenaing Parties seek to identify the author of a review posted on Yelp. The entirety

27  of the at-issue review is: "Worst experience I've ever had! Woke up looking like a

28  monster!!! Cheap product and he's absolutely not experienced nor does he care!!!!!" Declaration

of James Daire ("Daire Decl."), Ex. A.

1       Subpoenaing Parties claim that this review is defamatory based on the reviewer's

2   assertions that Dr. Mirza uses "cheap product" and is "not experienced." Dkt. No. 1 at 8:24-

3   9:5.They filed a lawsuit against a John Doe defendant in the Southern District of New York on

4   August 11, 2020. Dkt. No. 1-2. Then they sought and, on September 2, 2020, received

5   permission from the issuing court in the Southern District of New York to serve an early

6   subpoena on Yelp seeking "<u>only</u> the name and address of Defendant." Dkt. No. 1-3 at 2. In so

7   doing, the issuing court both granted-in-part and denied-in-part Subpoenaing Parties' motion for

8   an early subpoena. Daire Decl. Ex. B. And the issuing court did not consider whether

9   Subpoenaing Parties could actually state a claim for defamation or establish a prima facie case in

10  support of their claim.  Dkt. No. 1-3 at 2-3.

11      Following entry of that order, on September 3, 2020, the Subpoenaing Parties issued a

12  subpoena to Yelp under the auspices of the Southern District of New York. Dkt. No. 1-4. On

13  September 17, 2020, Yelp served timely written objections. Dkt. No. 1-4. The parties met and

14  conferred but ultimately came to impasse on December 11, 2020. Daire Decl. Ex. C.

15  Subpoenaing Parties then waited for nearly four more months before filing a motion to compel

16  production of the reviewer's identifying information in this Court on April 8, 2021. Dkt. No. 1.

17      Yelp consented to transfer the motion to the Southern District of New York on April 13,

18  2021 for a prompt resolution. Daire Decl. Ex. D. Yelp also explained to Subpoenaing Parties

19  why the issuing court was best situated to resolve the subpoena-related motion; namely, that

20  Yelp felt adequately protected there under the unique circumstances of this case, and the court in

21  the Southern District of New York had already issued at least one subpoena-related order and

22  clearly taken an interest in the dispute, as evidenced by its recent case management orders. Daire

23  Decl., ¶5.  (The issuing court may be particularly interested, in part, because of Dr. Mirza's many

24  recent lawsuits in the federal courts of New York.  Since July 2018, Dr. Mirza has filed at least

25  eleven such lawsuits in the Southern and Eastern Districts of New York, often against multiple

26

27

28

1    defendants. Daire Decl. Ex. E.)[1] Subpoenaing Parties still refused to transfer this matter to the
2    Southern District of New York, necessitating this motion. *Id.*

3    **III.  LEGAL STANDARD**

4            Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance
5    is required did not issue the subpoena, it may transfer a motion under this rule to the issuing
6    court if the person subject to the subpoena consents or if the court finds exceptional
7    circumstances." The Advisory Committee Notes to Rule 45 explain:

8            To protect local nonparties, local resolution of disputes about subpoenas is
9            assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and
10           (e) that motions be made in the court in which compliance is required under Rule
11           45(c). But transfer to the court where the action is pending is sometimes
12           warranted. If the person subject to the subpoena consents to transfer, Rule 45(f)
13           provides that the court where compliance is required may do so.

14           Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments.

15           Yelp's consent alone provides a basis to transfer this matter to the Southern District of
16   New York.  But this Court may also transfer a subpoena-related motion to the court where the
17   action is pending in "exceptional circumstances." In describing these "exceptional
18   circumstances," the Advisory Committee Notes state in relevant part: "[i]n some circumstances,
19   [] transfer may be warranted in order to avoid disrupting the issuing court's management of the
20   underlying litigation, as when that court has already ruled on issues presented by the motion or
21   the same issues are likely to arise in discovery in many districts." *Id*. This list is not exhaustive,
22   and "[c]ourts have also considered a number of factors relating to the underlying litigation
23   including 'the complexity, procedural posture, duration of pendency, and the nature of the issues
24   pending before, or already resolved by, the issuing court in the underlying litigation.'" *Bright*
25   *House Networks, LLC v. MarkMonitor, Inc.,* No. 20-MC-80083-TSH, 2020 WL 4464882, at *2
26   (N.D. Cal. Aug. 3, 2020) (citations omitted).

27

28   _____

[1] *See also* https://nypost.com/2019/10/31/botox-doctor-sues-patients-for-posting-one-star-yelp-reviews/.

Case No. 21-mc-8077-TSH                    -4-

"Exceptional circumstances" may exist when the issuing court has already considered issues implicated in a subpoena-related motion. *See id.*; *Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (finding transfer appropriate where "issues raised in the motion to compel relate to orders and discovery from the underlying [] case."). Exceptional circumstances may also exist "where ruling on the motion to compel would require the court of compliance to duplicate review already conducted by the issuing court, or where it would risk disruption of the issuing court's management of the underlying litigation." *Bright House Networks, LLC,* 2020 WL 4464882, *2; *see also Mountain Farms, LLC*, 301 F.R.D. at 430. In such circumstances, the issuing court "is in a better position to rule on these motions due to its familiarity with the issues involved." *Mountain Farms, LLC*, 301 F.R.D. at 430.

## IV. ARGUMENT

### A. The Court should transfer Subpoenaing Parties' motion because Yelp consents and circumstances warrant transfer.

Yelp consents to transfer to the Southern District of New York, so this Court's inquiry can end there. Courts routinely transfer subpoena-related motions to the issuing court when the subpoenaed party consents, so as not to hamstring the issuing court's ability to control discovery. *See 3B Med., Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *4 (S.D. Cal. Oct. 11, 2016) (granting motion to transfer plaintiff's subpoena-related motion because the subpoenaed party and defendant consented to transfer). Indeed, the primary purpose of allowing resolution of subpoena-related motions in the subpoenaed party's home district is to protect local non-parties from the burden of challenging a subpoena in a remote location. *See* Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. But a local non-party who consents to transfer vitiates that need, and the compliance court's primary focus shifts to ensuring judicial consistency and efficiency in the underlying litigation. *See Nexus Display Techs. LLC v. Dell Inc.*, 2015 U.S.Dist.LEXIS 150624, at *6 (N.D. Cal. Nov. 5, 2015, No. 15-mc-80241-KAW) (transferring subpoena-related motion sua sponte because of "the importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts to rule on these matters.") Yelp's consent, by itself, warrants transfer to the Southern District of New York.

1    If the Court inquires beyond Yelp's consent to the circumstances of the case, the result
2    should be the same. The issuing court in the Southern District of New York has already
3    considered at least some issues implicated in the subpoena-related motion, since it authorized
4    Subpoenaing Parties to serve an early subpoena on Yelp while denying other aspects of
5    Subpoenaing Parties' letter motion. Daire Decl. Ex. B. The issuing court has also issued multiple
6    case management orders relating to the subpoena, including one that, since December 8, 2020,
7    has required Subpoenaing Parties to submit monthly letters to advise the issuing court as to the
8    status of serving the John Doe defendant. *Id.* And the issuing court has expressed its interest in
9    hearing directly from Yelp, ordering that Yelp could file a motion for a protective order in the
10   Southern District of New York by October 20, 2020.[2] *Id.* Each of these facts shows that the
11   issues raised in Subpoenaing Parties' motion relate to orders and discovery from the underlying
12   litigation in the Southern District of New York, where the issuing court is presumptively more
13   familiar with the New York state defamation law that Subpoena Parties claim governs their
14   lawsuit.

15   **B.  Subpoenaing Parties' objection to transfer lacks merit.**

16   When Yelp asked Subpoenaing Parties why they object to transfer, Subpoenaing Parties
17   pointed to expeditiousness—they claimed they want their motion resolved in this district because
18   this Court has already set a May 13, 2021 hearing date, whereas a hearing date in the Southern
19   District of New York would be uncertain. Daire Decl. ¶5. But that reason is difficult to square
20   with the facts and circumstances here. For one thing, Subpoenaing Parties waited almost three
21   months after they came to impasse with Yelp before they filed their subpoena-related motion, so
22   the record shows they were disinclined to seek any expeditious resolution prior to their objection
23   to transfer. Daire Decl. Ex. C. For another, the Court in the Southern District of New York
24   ordinarily does not hear any oral arguments at all—raising the realistic possibility that, had
25   Subpoenaing Parties promptly agreed to transfer, the subpoena-related motion would be resolved

26

27   [2] Yelp did not file a motion for a protective order by October 20, 2020 because the Subpoenaing
28   Parties and Yelp were still meeting and conferring in an attempt to resolve the matter without
     court intervention. They did not come to impasse until December 11, 2020, after which Yelp
     assumed Subpoenaing Parties had opted not to pursue the matter further, until Subpoenaing
     Parties filed their subpoena-related motion on April 8, 2021. Dkt. No. 1-1, ¶16.

Case No. 21-mc-8077-TSH                    -6-

1  on the papers by the Court more familiar with the underlying action before the currently set May
2  13, 2021 hearing date in this Court. Daire Decl. Ex. F. For a third, Subpoenaing Parties caused
3  delay in resolving their subpoena-related motion by objecting to transfer, inasmuch as Yelp is
4  required by Civil Local Rule 7-2(a) to give Subpoenaing Parties at least 35 days' notice of a
5  motion to transfer absent an order shortening time.

6       There may be other, unstated reasons why Subpoenaing Parties object to transfer. For
7  example, Dr. Mirza recently lost his bid for default judgment in another defamation action
8  against a different Yelp user in the Eastern District of New York, on the grounds that the at-issue
9  review there was not, and could not be, actionable defamation under New York law. *Mirza v.*
10 *Amar*, No. 20-CV-2699 (BMC), 2021 WL 148403, at *3 (E.D.N.Y. Jan. 15, 2021) (suspicion
11 that Dr. Mirza uses "watered-down Botox" and "fugazzi [i.e., fake] fillers" not actionable
12 defamation; "[b]ecause Yelp reviews are used by consumers to provide their positive or negative
13 opinions of businesses, the context strongly signals to readers that the review merely reflects the
14 writer's opinion.")[3]. Perhaps Subpoenaing Parties appreciate that their claim against the John
15 Doe defendant here suffers from all of the same defects as Dr. Mirza's claim against Amar in the
16 Eastern District of New York, as well as additional defects that Yelp addresses in its opposition
17 to the subpoena-related motion.

18      Another reason for Subpoenaing Parties' reticence may be the sheer number of lawsuits
19 Dr. Mirza and his associated businesses have recently launched in the federal courts of New
20 York against his reviewers in an effort to chill free speech rights and suppress criticism. A
21 PACER search reveals that, since July 2018, Dr. Mirza has filed at least eight such lawsuits in
22 the Southern District of New York and at least three in the Eastern District of New York, many
23 against multiple defendants. Daire Decl. Ex. E. (Dr. Mirza's apparent modus operandi is to
24 threaten his reviewers with the expense and stress of federal litigation, allege exorbitant seven
25 figure damages, then voluntarily dismiss the lawsuits if the reviewers agree to delete their
26
27
28

[3] A copy of the court's opinion in *Mirza v. Amar* is attached as Exhibit G to the accompanying Declaration of James Daire.

criticism of Dr. Mirza and his practice. *Id.*) Perhaps Subpoenaing Parties' concern is that Dr. Mirza's recent conduct in the district courts of New York borders that of a vexatious litigant.

Another possible explanation is that Subpoenaing Parties know the limits of the issuing court's order authorizing the at-issue subpoena here; namely, that it denied-in-part Subpoenaing Parties' motion. Daire Decl. Ex. B. The issuing court never ruled that Subpoenaing Parties had stated a prima facie case for defamation. Dkt. No. 1-3. Indeed, whichever court decides whether the Yelp reviewer's critical opinion of Dr. Mirza is capable of defamatory meaning and sufficient to overcome the reviewer's First Amendment rights to anonymous speech, it will be the first court to do so. *See Music Group Macao Commer. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 985 (N.D. Cal. 2015) (Tweets critical of plaintiff's business practices and products protected by First Amendment; "[t]hese are views in which other members of the public may well be interested—and that defendant has a right to express anonymously.")

From Subpoenaing Parties' perspective, these reasons may be understandable. But none is a legitimate basis to object to transferring their subpoena-related motion to the issuing court. And none warrants that this Court retain jurisdiction under these circumstances.

## V. CONCLUSION

Federal Rule of Civil Procedure 45(f) streamlines resolution of subpoena-related motions in the court where the action is pending, if the subpoenaed party consents or if circumstances militate in favor of transfer. Because Yelp consents and circumstances warrant transfer here, Yelp respectfully requests that the Court transfer Subpoenaing Parties' motion.

DATED: April 22, 2021

LAW OFFICES OF ADRIANOS FACCHETTI, P.C.

BY: _Adrian Facchetti_
_____
Adrianos Facchetti
Attorney for YELP