UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                 :

DR. MUHAMMAD MIRZA and ALLIED     :
MEDICAL AND DIAGNOSTIC
SERVICES, LLC,                        :       21 Misc. 621 (LGS)

                     Subpoenaing  :

                     Parties,      :        <u>ORDER</u>

                                                   :

             -against-           :

                                                     :

YELP, INC.,                           :

                     Subpoenaed  :

                     Party.       :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiffs in the underlying litigation *Mirza et al. v. John Doe*, No. 20 Civ.

6329 (S.D.N.Y.) move to compel non-party Yelp, Inc. ("Yelp") to provide the name and address

of the John Doe Defendant in response to Plaintiffs' subpoena.  Yelp opposes.

     **A.  Background**

      WHEREAS, the underlying litigation asserts two causes of action for (1) defamation and

trade libel, and (2) tortious interference with contract stemming from an anonymous comment

critical of Plaintiff Mirza's medical practice that was posted on Yelp.com.  Specifically,

Plaintiffs' Complaint bases its allegations on the following Yelp post regarding Mirza's cosmetic

treatments:  "Worst experience I've ever had! Woke up looking like a monster!!! Cheap product

and he's absolutely not experienced nor does he care!!!!!" (the "Review").

      The Court authorized Plaintiffs to serve Yelp with a Rule 45 subpoena seeking the name

and address of the John Doe Defendant who authored the Review.  Plaintiffs served a subpoena

on Yelp on or around September 3, 2020.  The subpoena was served in the Northern District of

California, where Yelp is headquartered.  The parties unsuccessfully met and conferred regarding

Yelp's objections -- that the Review's claim of "cheap product[s]" and that Plaintiff Mirza was "not experienced" were non-defamatory opinions -- after which Plaintiffs filed the present motion in the Northern District of California. Yelp moved to transfer the motion to the Southern District of New York, stating that it felt its interests would be protected in this District where the underlying litigation is pending and that the subpoena would be most efficiently resolved in this venue. The court in the Northern District of California granted that motion.

### B. Applicable Law

WHEREAS, Federal Rule of Civil Procedure 45 provides that "the court *for the district where compliance is required* must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added). Consistent with that rule, the parties' memoranda of law apply Ninth Circuit law addressing subpoenas seeking the identities of anonymous Internet speakers, and "such implied consent . . . is sufficient to establish choice of law." *Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014) (internal quotation marks omitted); *accord Breaking Media, Inc. v. Jowers*, No. 21 Misc. 194, 2021 WL 1299108, at *4 (S.D.N.Y. Apr. 7, 2021).

Anonymous Internet speech is protected by the First Amendment. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1173-77 (9th Cir. 2011); *accord Rich v. Butowsky*, No. 20 Misc. 80081, 2020 WL 5910069, at *3 (N.D. Cal. Oct. 6, 2020). Anonymous speech "is not unlimited, however, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue." *Anonymous Online Speakers*, 661 F.3d at 1173; *accord Butowsky*, 2020 WL 5910069, at *3. Courts in the Ninth Circuit have required pleadings to meet a variety of standards before requiring disclosure of an anonymous speaker's identity. *Anonymous Online Speakers*, 661 F.3d at 1175-76 (collecting cases) (noting that some cases require plaintiff to

make a prima facie showing of its claim, that others rely on a motion to dismiss or good faith standard, while others rely on a standard somewhere between the motion to dismiss and the prima facie standard). Plaintiffs argue the Court should apply the First Amendment standard set forth in *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005), and Yelp does not object to application of the test. Because *Highfields* is persuasive on this issue, it will be applied. *See Butowsky*, 2020 WL 5910069, at *3 (applying the First Amendment standard put forward by the parties); *see also Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (concluding *Highfields* provided the correct standard among "the developing tests in the area of anonymous online speech," where challenged speech was (1) derogatory statements about a corporate official and (2) criticism of plaintiffs' business).

Under the *Highfields* test, a party seeking enforcement of a subpoena must first make out "a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Highfields*, 385 F. Supp. 2d at 970. The Ninth Circuit has characterized this as a requirement for the plaintiff to establish a prima facie case for its claims. *Anonymous Online Speakers*, 661 F.3d at 1175. If a plaintiff successfully makes a prima facie case, the court must next "assess and compare the magnitude of the harms that would be caused" to (1) the plaintiff's First Amendment interests and (2) the defendant's commercial interests. *Highfields*, 385 F. Supp. 2d at 976, *R&R adopted*, 385 F. Supp. 2d at 971. If such an assessment reveals that disclosing the defendant's identity "would cause relatively little harm to the defendant's First Amendment and privacy rights," but is "necessary to enable [the] plaintiff to protect against or remedy serious wrongs," then the court should allow the disclosure. *Id.*

3

### C.  The Complaint Does Not Plead a Prima Facie Case of Defamation

WHEREAS, the Complaint's defamation claim arises under New York law.[1]  The elements of a cause of action for defamation are:  "(a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se."  *Braunstein v. Day*, 144 N.Y.S.3d 624, 625 (2d Dep't 2021) (internal quotation marks omitted).  Statements of opinion are not actionable, as "[a]n opinion cannot be proven false and therefore does not give rise to liability for defamation purposes."  *Gottwald v. Sebert*, 148 N.Y.S.3d 37, 47 (1st Dep't 2021).  Statements must be viewed in context, and where a communication has a "loose, figurative or hyperbolic tone" that "suggest[s] to a reasonable reader that the author was merely expressing his opinion based on a negative business interaction with [a] plaintiff[]," that statement is one of opinion.  *Torati v. Hodak*, 47 N.Y.S.3d 288, 290 (1st Dep't 2017) (internal quotation marks and alterations omitted).  Courts must also be mindful that "readers give less credence to allegedly defamatory remarks published on the Internet than to similar remarks made in other contexts."  *Id.* (internal quotation marks and alterations omitted).

WHEREAS, Plaintiffs have not made a sufficient showing of a prima facie defamation claim under New York law, as the Review, read in context, would be perceived by a reasonable person to be nothing more than a matter of personal opinion as to the quality of Plaintiffs' products and services.  New York courts have consistently declined to find anonymous reviews

---

[1] The Complaint asserts a single claim for defamation and trade libel.  Because "libel is a species of defamation," *Kavanagh v. Zwilling*, 997 F. Supp. 2d 241, 247 n.6 (S.D.N.Y.), *aff'd*, 578 F. App'x 24 (2d Cir. 2014) (applying New York law), this Order does not separately address trade libel.

analogous to the Review actionable for purposes of defamation.  *See id.* (concluding that negative comments anonymously posted on consumer review websites, describing plaintiff as a "bad apple," "incompetent and dishonest," and a "disastrous businessman" were not actionable); *Woodbridge Structured Funding, LLC v. Pissed Consumer*, 6 N.Y.S.3d 2, 3 (1st Dep't 2015) (finding online review claiming defendants "Lie To Their Clients" and "will forget about you and . . . all the promises they made to you" non-defamatory); *Sandals Resorts Int'l Ltd. v. Google, Inc.*, 925 N.Y.S.2d 407, 410-11 (1st Dep't 2011) (email criticizing plaintiff's operations in Jamaica, despite containing specific factual allegations, was still a non-actionable opinion); *see also Mirza v. Amar*, 513 F. Supp. 3d 292, 299 (E.D.N.Y. 2021) (rejecting Plaintiff Mirza's claims that a separate statement similar to the Review was defamatory).

In response, Plaintiffs first claim that this Court already found that they had stated a prima facie defamation claim when the Court authorized expedited issuance of the Yelp subpoena.  This argument is incorrect as the September 2, 2020, Order did not address whether Plaintiffs had stated a prima facie claim.  Courts routinely consider whether a plaintiff has stated a prima facie case for defamation in addressing motions to quash subpoenas.  *See, e.g.*, *Taylor v. Doe*, No. 20 Civ. 3398, 2021 WL 2940919, at *2 (S.D.N.Y. July 12, 2021).  Declining to permit a subpoenaed party to oppose the subpoena would violate Rule 45(d)(3), which calls for a motion as a predicate to the court's quashing a subpoena.

Plaintiffs next argue that two of the Review's claims -- that Mirza is "not experienced" and uses "[c]heap" products -- are actionable statements of fact.  This argument is unpersuasive because where "some of the statements are based on undisclosed, unfavorable facts known to the writer, the disgruntled tone, anonymous posting, and predominant use of statements that cannot be definitively proven true or false, supports the finding that the challenged statements are only

susceptible of a nondefamatory meaning, grounded in opinion." *Woodbridge*, 6 N.Y.S.3d at 3. Because Plaintiffs have not made a prima facie case of defamation, their request for the identity of the John Doe defendant is improper.

### D.  The Tortious Interference Claim is Improper

WHEREAS, the Complaint also asserts a claim for tortious interference with contract. Plaintiffs forward no arguments as to why they have stated a prima facie case for tortious interference, which has the following elements under New York law:  "(1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages." *Grocery Leasing Corp. v. P & C Merrick Realty Co., LLC*, No. 2020-03947, 2021 WL 3641287, at *2 (2d Dep't Aug. 18, 2021) (internal quotation marks omitted).  Instead, Plaintiffs state, for the first time in their reply brief, that any determination on the tortious interference claim has no bearing on their defamation claim.

WHEREAS, "New York law considers claims sounding in tort to be defamation claims . . . where those causes of action seek damages only for injury to reputation, [or] where the entire injury complained of by plaintiff flows from the effect on his reputation." *Amar*, 513 F. Supp. 3d at 301 (citing *Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012)).  Plaintiffs' tortious interference claim is duplicative of the defamation claim.  The underlying facts are the same as those supporting the defamation claim, and Plaintiffs' alleged injury for each claim flows from the effect of Defendant's allegedly defamatory statements on Plaintiffs' reputation.  Granting Plaintiffs' motion to compel on the basis of the tortious interference claims would thus be improper.  *See id.* (dismissing tortious interference claim that mirrored defamation claim).  Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion to compel compliance with the subpoena is **denied**. The Clerk of Court is respectfully directed to close the entry at Docket Number 1 and this miscellaneous case.  It is further

**ORDERED** that, by **September 1, 2021**, Plaintiffs shall file a letter per the Individual Rules in case number 20 Civ. 6329 proposing next steps.

Dated:  August 25, 2021
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE